UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-23726-CIV-GAYLES/TURNOFF

MARGARET GUEVARA
a/k/a/ DEPASS PADIN,

      Plaintiff,

vs.

**MARK PADIN**, *et al.*,

      Defendants.
_____/

## ORDER DISMISSING CASE WITHOUT PREJUDICE

**THIS CAUSE** came before the Court *sua sponte*. Plaintiff Margaret Guevara, appearing *pro se*, filed an Emergency Petition for Immediate Permanent Injunction or for Jury Trial on Complaint ("Complaint") on August 30, 2016. [ECF No. 1]. Plaintiff filed a motion to proceed *in forma pauperis* [ECF No. 4], and the screening provisions of 28 U.S.C. § 1915(e) are applicable. Pursuant to that statute, the court must dismiss the case if it determines that "the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon initial screening, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. "A complaint fails to state a claim if it fails to plead 'enough facts to state a claim to relief that is

plausible on its face.'" *Smith v. Attorney Gen.*, 637 F. App'x 574, 574 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The complaint need not include detailed factual allegations, but it must set forth 'more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555). Furthermore, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (citation omitted). "However, this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (citations and internal quotation marks omitted). "[E]ven pro se litigants must comply with the Federal Rules of Civil Procedure." *Maza v. Ware*, 81 F. Supp. 3d 16, 18 (D.D.C. 2015).

Plaintiff's Complaint in the instant case appears to proffer allegations of deprivation of civil rights and due process rights under 42 U.S.C. § 1983 pursuant to the enforcement of a New York judgment for child support, including a request for reinstatement of her driver license and allegations of defamatory reporting on her credit reports, keeping or threatening to keep her tax returns, denial of or renewal of her passport, and threats, harassments, and defamation related to

the New York judgment for child support. [ECF No. 1 at 11]. Plaintiff has attached various exhibits to her Complaint, including income withholding notices, pay stubs, and orders from state courts in Florida and New York. Plaintiff's Exhibit E, an Order from the Circuit Court of the Eleventh Judicial Circuit of Florida, shows that the court concluded that the proper jurisdiction for Plaintiff's claims remains in New York pursuant to the Uniform Interstate Family Support Act. [*Id.* at 35–39]. Plaintiff has additionally attached as Exhibit K a Petition for Modification from June 2015 regarding custody and visitation filed by Defendant Mark Padin in the Family Court of the State of New York, in which Mark Padin has petitioned to relocate to California. [*Id.* at 52–55].

First, the Court cannot discern from the Complaint and the attachments the relief that Plaintiff has requested in the instant case and, most importantly, the legal basis for this Court to grant such relief. Second, the Court notes that Plaintiff's Complaint has failed to comply with Federal Rule 10(b), as none of the paragraphs are numbered. Finally, the Court finds that it lacks the "power to issue divorce, alimony, and child custody decrees" pursuant to the domestic relations exception to federal diversity jurisdiction because "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (citations and internal quotation marks omitted); *see also Rash v. Rash*, 173 F.3d 1376, 1380 (11th Cir. 1999) ("Diversity jurisdiction under 28 U.S.C. § 1332 is subject to a judicially created exemption for domestic relations and probate cases."). "A district court should abstain from cases in which the following policies are present: (1) there is a strong state interest in domestic relations; (2) the state courts can competently settle the family dispute; (3) the state continues to supervise the decrees; and (4) federal dockets are congested." *McCavey v. Barnett*, 629 F. App'x 865, 867 (11th Cir.

2015). It is clear from Plaintiff's Complaint and its attachments that New York (and/or California) has a strong state interest in the dispute between Plaintiff and Defendant Mark Padin, that the state courts are able to competently settle the dispute, and that the New York state court continues to supervise the child support decree. And as this Court has previously recognized in another context, "[t]he Southern District of Florida has one of the busiest dockets in the country." *Cleveland v. Kerzner Int'l Resorts, Inc.*, No. 1:14-CV-23897, 2015 WL 5695276, at *7 (S.D. Fla. Sept. 29, 2015). This case appears to fit clearly within the domestic relations exception to federal jurisdiction. Consequently, the Court is authorized under 28 U.S.C. § 1915(e)(2)(B)(ii) to dismiss the action. Plaintiff has failed to establish that this Court has jurisdiction over the stated claims and the relief sought. Accordingly, it is

**ORDERED AND ADJUDGED** that this case is **DISMISSED without prejudice**. Plaintiff is granted leave to file an amended complaint. It is further

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Proceed *in forma pauperis* **[ECF No. 4]** is **DENIED** and the Clerk is instructed to mark the case as **CLOSED.** Any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of August, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

cc:   Magistrate Judge Turnoff
      All Counsel of Record